The State, ex rel. Zellner, Appellee, *v.* Board of
Education of City of Cincinnati, Appellant.

(No. 72-484—Decided June 6, 1973.)

200

*Messrs. Brumleve, Decamp & Wood* and *Mr. Thomas A. Zins*, for appellee.

*Messrs. Beirne & Wirthlin, Mr. C. R. Beirne, Mr. Gates T. Richards* and *Miss Isabel Guy*, city solicitor, for appellant.

CELEBREZZE, J. We agree with appellee that our decision in this cause must be controlled by considerations of orderly procedure. However, it is not consideration of preserving the hierarchy of structure in public education in Ohio which persuades us. Rather, our answer depends upon considerations of comity, orderly procedure and judicial economy.

Appellant urges that the Court of Appeals should have stayed its action and deferred to the action already commenced in the federal District Court.

A motion for a stay of proceedings is, of course, primarily addressed to the court's discretion. When such a stay is sought consideration is pertinent to "'* * * whether

it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or the state court that possesses a greater familiarity and expertise with the trial of such issues." *General Aniline & Film Corp.* v. *Bayer* (1953), 305 N. Y. 479, 485, 113 N. E. 2d 844.

However, as a threshold issue, appellees have argued that they are not party to the federal suit, and that therefore considerations of comity cannot be applied. *State, ex rel. First Natl. Bank,* v. *Botkins* (1943), 141 Ohio St. 437, 48 N. E. 2d 865, is directly on point. In paragraph two of the syllabus, the court said:

"Where prior actions, to which relator could be made a party and which involve the same subject matter as the instant action, are pending in another court having jurisdiction to grant full and adequate relief to all parties, a writ of mandamus will not be granted during the pendency of such prior actions."

Certainly a declaratory judgment action questioning the constitutionality of an administrative order to transfer territory in a school district and a mandamus action to compel that transfer are actions concerned with the same subject matter.

Appellee argues that complete relief cannot be given in the federal forum because a declaratory judgment in appellee's favor cannot compel the Cincinnati board to act. While at first glance this argument is persuasive, when we consider the "more complete disposition of the issues," *General Aniline, supra,* the federal forum still prevails. We need not look at the remedy, which may or may not be available in federal court. We need only look to our original considerations.

1. In the area of school desegregation, the federal district courts were designated as the proper forum in *Brown* v. *Bd. of Edn. of Topeka* (1955), 349 U. S. 294, and have been harvesting familiarity and expertise in the area since that time.

2. Judgment by this court granting the writ of manda-

mus- would not forestall the federal court from finding a racial basis for the transfer order and holding it unconstitutional.

3. A finding by the federal court that the transfer is without racial basis and constitutional should determine the whole controversy. The Cincinnati board would then have no excuse to refuse to make the transfer; and if it failed to voluntarily make the transfer, all objections raised to the summary judgment by the Court of Appeals would be removed.

4. If the federal court finds a racial basis in the transfer, the electors of the Four-Mile area will have received a final answer, albeit not the one they desire.

Appellee argues that the Court of Appeals has no authority to exercise jurisdictional discretion in mandamus. Appellee cites *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631. The argument is, of course, correct as far as it goes. But appellee is mistaken in the assertion that this ruling prevents the action now taken. The Court of Appeals has exercised its jurisdiction. We are not deciding that it is within the court's discretion to refuse jurisdiction. At this point, we decide that there is no requisite clear showing of a right to issuance of the writ of mandamus sufficient for the granting of a summary judgment.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to that court, with instructions to sustain the motion of respondent to dismiss.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and W. BROWN, JJ., concur.

PAUL W. BROWN, J., dissenting. The petition proposing transfer in this case was filed by 27 qualified electors residing within a portion of the Cincinnati School District. It

sought transfer of the part of the school district within which they resided to an adjoining school district. Under R. C. 3311.24, the duty of the Board of Education of the city of Cincinnati was to file such proposal with the State Board of Education, together with a map showing the boundaries of the territory to be transferred.

That statute requires the State Board of Education to provide a hearing, to decide the advisability of the transfer and to direct the transfer by resolution.

That was done.

The order of the State Board of Education was not appealed.

The language of R. C. 3311.24 requires that, within 30 days after receiving the State Board of Education's decision, the board of education of the district in which the territory is located shall adopt a resolution transferring the territory. This, appellant refused to do, choosing instead to seek a declaratory judgment and injunction in the United States District Court for the Southern District of Ohio against the State Board of Education, grounding its application for relief upon the claim that the order of the State Board of Education was illegal in that it gerrymandered the school district solely on a racial basis, and was a discriminatory practice under the federal Civil Rights Act (Section 1983, Title 42, U. S. Code).

During the pendency of that action, the children here involved attended school in a new district for approximately one year. At the end of that period, their parents were billed for tuition and so discovered that the administrative steps clearly required by law to be performed by the boards of the school districts in question, in order to implement the order of the State Board of Education, had not been performed.

Since none of those parents were parties in the District Court action and were under no restraint, one of them, the relator below and the appellee here, sought a writ of mandamus in the Court of Appeals to require the Cincinnati Board of Education to carry out its clear legal duties

under the state board's order. To that action the Cincinnati Board of Education filed a motion to dismiss, claiming that the District Court's jurisdiction over the subject matter, having been acquired before the mandamus action was filed, excluded jurisdiction in the Court of Appeals. The Court of Appeals overruled appellant's motion to dismiss and granted appellee's motion for summary judgment.

Appellant, Cincinnati Board of Education, claims that each of the orders of the State Board of Education was erroneous, and argues that allegations made in the Court of Appeals by the appellant raise a question of whether "race was the basic reason for ordering the transfer," and that the motion for summary judgment in the mandamus action should have been overruled "because this is required by Civ. R. 56, when there is a 'genuine issue as to any material fact.'"

As to this later argument, it is clear that a material fact is that the order in question was issued by the state board after a hearing. Since that order was not appealed it rests upon a factual background presumptively valid and not subject to attack in this mandamus proceeding. The introduction of immaterial facts into the action for mandamus, by way of stipulation or otherwise, does not preclude summary judgment as to material facts, the existence of which cannot be controverted. The summary judgment was properly granted, unless the pending federal court action must be given precedence.

Meanwhile, the federal District Court has stayed its proceedings stating in its interim opinion:

"* * * If a question common to a state and federal court proceeding has found decision somewhere in a state judicial system, a federal District Court should, as a matter of comity, at least stay pending not only finality in the state system, but possible introduction into the federal system 'by petitioning the Supreme Court of the United States for a writ of certiorari.' See *Coogan* v. *Cincinnati Bar Association*, 431 F. 2d 1209 (6th Cir., 1970); *Gately*

v. *Sutton*, 310 F. 2d 107 (10th Cir., 1962); *Chandler* v. *O'-Bryan*, 445 F. 2d 1045 (10th Cir., 1971); *Atlantic Coast Line* v. *Engineers*, 398 U. S. 281 (1969) at 296.''

The effect of the majority opinion is to defer to a federal jurisdiction which has already deferred to the state court.

However, the question of the constitutional propriety of the factual basis of the state board's action has already ''found decision * * * in a state judicial system.'' It became final when the administrative order of the State Board of Education was left unappealed. The Court of Appeals had no option but to issue the writ enforcing that order and its judgment should be affirmed.

The constitutional questions having actually arisen in a state administrative proceeding which preceded the petition in the federal District Court and having been there decided were in my opinion effectively and conclusively adjudicated. For the federal District Court to reverse or modify that order would be an exercise of appellate jurisdiction not possessed by the District Court. *Brown* v. *Chastain* (C. A. 5, 1969), 416 F. 2d 1012.

The original jurisdiction granted District Courts in Section 1343, Title 28, U. S. Code, to redress the deprivation under color of state law of any right secured by the Constitution, does not extend permission to litigants to abandon proceedings in the state jurisdiction in which they are entitled to participate and in which they have not in any way been prevented from fully litigating claimed constitutional deprivation, and to seek a federal forum. See *Rooker* v. *Fidelity Trust Co.* (1923), 263 U. S. 413.

The judgment of the Court of Appeals should be affirmed.