[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an administrative appeal from a judgment of the Lucas County Court of Common Pleas which affirmed a decision of the Ohio Unemployment Compensation Review Commission and found that appellant E. Dean Soltesz had been discharged for just cause due to insubordinate conduct. For the reasons that follow, this court affirms the decision of the trial court.
Appellant sets forth the following assignments of error:
 "Error 1.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT UPHOLDING APPELLANT'S `RIGHT TO PROSECUTE HIS CASE IN THE MANNER HE SEES FIT' AFTER THE STATE DECLARED APPELLANT HAD SUCH RIGHT IN THE PROCEEDINGS BELOW, THUS VIOLATING THE NINTH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS DENYING DUE PROCESS.
 "Error 2.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S CIV.R.PROC. 44(C) MOTION FOR OTHER PROOF OF RECORD, CONJOINTLY WITH APPELLANT'S `RIGHT TO HAVE HIS REPRESENTATIVE EXAMINE THE RECORD' PURSUANT TO O.A.C. 4146-7-02, THUS VIOLATING THE NINTH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS DENYING DUE PROCESS.
 "Error 3.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR STAY OF PROCEEDINGS AND RESERVATION OF FEDERAL CONSTITUTIONAL QUESTIONS.
 "Error 4.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION (AND HEARING), WHEN SAID MOTION CONTAINS AN AFFIDAVIT BY AN AUDIO EXPERT WHICH STATES THAT:
"A. HE USES TECHNIQUES DEVELOPED
BY THE F.B.I. FOR TAPE
AUTHENTICITY EXAMINATIONS;
"B. HE HAS FOUND SIGNS OF `EDITING'
ON COPIES OF HEARING TAPES HE
WAS PROVIDED BY THE OHIO
UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW; AND,
"C. A CONCLUSIVE DETERMINATION OF WHETHER
OR NOT THERE HAS BEEN EDITING ON
THE TAPES IN QUESTION CAN NOT BE MADE
UNLESS HE IS PERMITTED TO EXAMINE
THE `ORIGINAL' HEARING TAPES,
 "WHEN SAID MOTION FOR RECONSIDERATION IS PERMITTED BY O.R.C. 4141.28(P), IN THE EFFORT OF PROTECTING A PARTY'S FOURTEENTH AMENDMENT PROPERTY RIGHTS, AND ALSO INVOLVES ARTICLE IV, SECTION I OF THE U.S. CONSTITUTION.
 "Error 5.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY UPHOLDING THE DECISION OF THE OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, THUS DENYING DUE PROCESS, PERMITTING A GROSS ABUSE OF DISCRETION AS WELL AS A CONTINUED OBSTRUCTION OF JUSTICE, PURSUANT TO TITLE 18 U.S.C. AND/OR TITLE 42 U.S.C. SECTION 1985, IN AN INTER-STATE CLAIM BY IMPAIRING THE CONTRACTUAL OBLIGATIONS OF THE EMPLOYER TO THE EMPLOYEE WITH RESPECT TO U.S. CONSTITUTION ARTICLE I, SECTION 10, PARAGRAPH 1.
 "Error 6.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT PERMITTING APPELLANT TO LOCATE OBJECTION(S), TESTIMONY PROFFERED AND EVENTS LEADING UP TO A DISCHARGE OF EMPLOYMENT MISSING FROM THE RECORD OF A LEGAL PROCEEDING, AS WELL AS SHOWING WHY THE SAME ARE MISSING, THUS DENYING DUE PROCESS.
 "Error 7.) THE COMMON PLEAS COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT REQUIRING THE BOARD TO OFFER PROOF THAT IT IS IN FACT KEEPING COMPLETE RECORDS, NOT DESTROYED IN WHOLE OR IN PART, AFTER PREVIOUSLY ADVISED TO DO SO IN ACCORDANCE WITH LAW."
The litigation that has arisen from the original denial of appellant's claim for unemployment compensation benefits in 1992 has produced a lengthy procedural history which includes three appeals to this court. Following is a summary of the facts relevant to this appeal.
In June 1991, appellant began his employment with Diversitec Image Technology, Inc. ("Diversitec") as a salesperson working on commission. On June 30, 1992, Diversitec terminated appellant's employment. On July 6, 1992, appellant applied for unemployment compensation benefits and on July 31, 1992, the Ohio Bureau of Employment Services ("OBES") held that appellant had been discharged for just cause and disallowed his claim. Upon reconsideration, the OBES affirmed its original denial of the claim and appellant timely appealed. On November 12, 1992, a telephone hearing, which was recorded, was held before a referee. On January 5, 1993, the referee issued a report affirming the earlier denial of benefits. On January 24, 1993, appellant filed an appeal with the Ohio Bureau of Employment Services Board of Review ("Board") and on April 1, 1993, the Board found that appellant had been discharged for just cause and disallowed his claim.
On April 30, 1993, appellant filed an appeal from the Board's decision with the Lucas County Court of Common Pleas. After the Board filed a certified transcript of the November 12, 1992 hearing, appellant objected that the transcript was incomplete. On February 28, 1994, the trial court acknowledged that a portion of appellant's testimony had been omitted but nonetheless affirmed the Board's denial of benefits. On March 30, 1994, appellant filed an appeal in this court (case no. L-94-085) from the trial court's judgment. On March 31, 1995, this court filed a decision and judgment entry in which we reversed the decision of the trial court. In doing so, this court found that, since it was undisputed that appellant's testimony concerning his reasons for failing to turn in sales reports was omitted from the record before the trial court, that court could not have determined the manifest weight issue that was before it and, therefore, it abused its discretion when it affirmed the Board's decision. The case was remanded to the OBES for further proceedings consistent with our opinion.
The review commission scheduled a telephone hearing for May 23, 1995. Appellant appeared at the hearing pro se and requested a continuance on the grounds that a separate appeal arising out of the same case could render the need for the hearing moot.[1] The hearing officer denied the request for a continuance. Appellant stated that he was not prepared for the hearing and when the hearing officer asked why he was not prepared, appellant would not explain. After the hearing officer insisted that the hearing was going to go on as scheduled, the conversation between the hearing officer and appellant was interrupted twice. The transcript indicates that appellant said he could barely hear the hearing officer and that they may have been disconnected. When the hearing officer called appellant back the final time, appellant did not answer the telephone, although his answering machine picked up the call. In a decision released on June 20, 1995, the Board affirmed the January 5, 1993 denial of benefits.
On July 19, 1995, appellant filed an appeal from the Board's decision in the Lucas County Court of Common Pleas. On August 16, 1995, the Board mailed the record of appellant's case to the Lucas County Court of Common Pleas. On November 22, 1995, appellant filed a "Motion for Proof of other Record" pursuant to Civ.R. 44(C) and on March 1, 1996, the trial court denied the motion. On March 19, 1996, appellant filed a "Motion for Stay of Proceedings and Reservation of Federal Constitutional Questions," which the trial court denied on May 8, 1996. On May 22, 1996, appellant filed a "Motion for Reconsideration and Hearing." Appellant failed to file a brief by the May 10, 1996 deadline, and on May 24, 1996, appellee Administrator, Ohio Bureau of Employment Services, filed a motion to dismiss for failure to prosecute.
On July 9, 1997, the trial court filed its decision in which it denied appellant's motion for reconsideration and hearing and appellee's motion to dismiss. As to the merits of the case, the trial court found that the Board's decision was not unlawful, unreasonable or against the manifest weight of the evidence and affirmed the Board's determination. As to appellant's arguments concerning the tape of the 1992 hearing, the trial court found that it did not appear from the transcript that any of the tape was missing and that, when appellant failed to present any additional evidence at the second hearing in 1995, the Board made its determination based on the record before it. As to appellant's claim that the Board's telephone hearing procedures constituted a denial of due process, the trial court found that appellant was afforded a reasonable opportunity for a fair hearing on both occasions and that denial of appellant's motion for a continuance and not holding the hearing in person were within the hearing officer's province. It is from that decision that appellant appeals.
Appellant's first, second and third assignments of error all concern the trial court's denial of motions he filed in that court. In his first assignment of error, appellant asserts that the trial court erred by not upholding his "right to prosecute his case in the manner he sees fit" and that the trial court should have granted his motions in order to ensure that his rights under the Ninth and Fourteenth Amendments to the United States Constitution "would be honored." Appellant argues that this case should be remanded to the trial court so that the lower court can grant either his motion for a stay of proceedings or his motion for other proof of record. In his second assignment of error, appellant again asserts that the trial court erred by denying his Civ.R. 44(C) motion for other proof of record. In his third assignment of error, appellant again asserts that the trial court erred by denying his motion for a stay of proceedings.
Appellant does not support his assertions that the trial court should have granted his motions with any authority or any argument specific to and in defense of either of the motions. As to appellant's motion for a stay of proceedings, a trial court's decision on such a motion will generally not be overturned by a reviewing court absent an abuse of discretion. State, ex rel.Zellner v. Board of Education of City of Cincinnati (1973),34 Ohio St.2d 199, 200. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Upon review of the trial court's decisions as to both motions, this court finds that appellant has not shown that the trial court abused its discretion by denying either of them. Accordingly, appellant's first, second and third assignments of error are not well-taken.
In his fourth assignment of error, appellant asserts that the trial court erred by denying his "Motion for Reconsideration and Hearing." Appellant had asked the trial court to reconsider its denial of his motion for a stay of proceedings and his motion for other proof of record, and to set this matter for oral hearing so that he could present new evidence. The "new evidence" to which appellant refers is in the form of an affidavit from an "audio expert" hired by appellant in which the "expert" states that he found signs of possible editing on the copies of the tapes of the November 1992 hearing provided to him by the Board.
Based on our finding above as to appellant's motion for a stay and motion for other proof of record, we find that the trial court did not abuse its discretion by denying appellant's motion for reconsideration of its ruling on those motions. As to appellant's request to present new evidence in the trial court, a reviewing court does not make factual determinations based on new evidence. The reviewing court's duty is to determine whether the Board's decision is supported by the evidence in the record. SeeTzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694. Accordingly, this court finds appellant's fourth assignment of error not well-taken.
In his fifth assignment of error, appellant asserts that the trial court erred by affirming the decision of the Board, thereby denying him due process and committing a gross abuse of discretion and "a continued Obstruction of Justice."
"A reviewing court may reverse the Board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, supra, at 696-697, citingIrvine v. Unempl. Comp. Bd. of Review (1985), 19 Ohio St.3d 15. Upon review of appellant's fifth assignment of error, we find that appellant has not presented any argument in support of his claim. Accordingly, this court finds appellant's fifth assignment of error not well-taken.
In his sixth assignment of error, appellant asserts that the trial court erred by not permitting him to "locate objection(s), testimony proffered and events leading up to a discharge of employment" which were missing from the record and by not permitting him to show why those items were missing.
The Board acts as factfinder in an unemployment compensation appeal and it is the trial court's duty to determine whether the Board's decision is supported by the evidence in the record. Tzangas, supra, at 696, 697. It appears that appellant expected the trial court to hear new evidence in his case. In an administrative appeal, however, the reviewing court does not make factual determinations. Kilgore v. Bd. of Review (1965), 2 Ohio App.2d 69,71-73. On review of a trial court's judgment in an administrative appeal, this court is limited to determining whether the lower court abused its discretion. Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257,260-61. Based on the foregoing, this court finds that the trial court did not abuse its discretion by not permitting him to "locate objection(s), testimony proffered and events leading up to a discharge of employment" and "show why those items were missing." Accordingly, appellant's sixth assignment of error is not well-taken.
In his seventh assignment of error, appellant asserts that the trial court erred by not requiring the Board to offer proof that it was keeping complete records. Appellant asserts further that the trial court should have permitted his "expert" to examine the original audio tapes for evidence of tampering. Again, appellant presents no authority in support of his argument that the Board was required to allow him and his "expert" access to the "original" hearing tapes. We note that the record does indicate that the Board provided appellant with a copy of the hearing tapes for his "expert" to examine. We find, however, that the trial court's duty, as explained above, was to examine the record in this case to determine whether the Board's decision is supported by the evidence. The trial court was under no duty to order the Board to justify its actions in providing appellant with a copy, as opposed to the original, of the hearing tapes. Accordingly, appellant's seventh assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] In Soltesz v. Diversitec Image Technology, Inc. (Nov. 3, 1995), Lucas App. No. 94-371, unreported, this court affirmed a Lucas County Court of Common Pleas decision denying appellant's Civ.R. 60(B) motion. Appellant appealed this court's decision to the Supreme Court of Ohio and at the time of the May 23, 1995 hearing, the appeal was pending before the Supreme Court. On June 12, 1996, the Supreme Court denied jurisdiction to hear the case.