{¶ 1} While this writer agrees with the substance of the majority's merit analysis of the issues raised in this appeal, I respectfully dissent from the majority opinion based upon my conclusion that this court does not have jurisdiction to decide this case on its merits due to lack of a final appealable order.
{¶ 2} After having been denied parole twice by the OAPA, appellant sought relief through the underlying declaratory judgment action. Subsequently, it came to the attention of the trial court that a class action was pending on the identical issue raised by appellant in the Franklin County Court of Common Pleas. See Ankrom v. Hageman, Franklin C.P. No. 01 CVH 02-1563, complaint filed March 26, 2001. Based on this information, the trial court issued a stay since "[t]he ultimate disposition of the class action would seem to be dispositive of [appellant's] case * * *." Hence, the stay was issued pending the disposition of that class action. Appellant has appealed that decision.
{¶ 3} Pursuant to R.C. 2505.02(B), there are five types of orders which qualify as final appealable orders:
 {¶ 4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 6} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy;
 {¶ 9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 10} "(5) An order that determines that an action may or may not be maintained as a class action."
{¶ 11} In the case sub judice, it is clear that the motion for stay is not one that: (1) determines the entire action; (2) was made in a special proceeding; (3) vacates or sets aside a judgment or grants a new trial; or (4) determines a class action status. Hence, the only other possible type of final appealable order pertains to provisional remedies under R.C. 2505.02(B)(4). For the present case to fall within the ambit of that statutory provision, both subsections (a) and (b) must apply. There is no doubt but that subsection (a) applies as the trial court's order, in effect, determines that action with respect to the provisional remedy and prevents a judgment in the action in favor of appellant with respect to the provisional remedy.
{¶ 12} The more difficult question is whether subsection (b) applies; namely, whether appellant would be denied a meaningful or effective remedy by delaying his appeal until after final judgment had been issued as to all issues and claims in the action. Under the facts of this case, this question must be answered in the negative.
{¶ 13} To begin with, we can take judicial notice of the fact that the substantive issue raised by appellant in his declaratory judgment action has been taken in by the Supreme Court of Ohio subsequent to the filing of the instant appeal. See Layne v. Ohio Adult Parole Auth. (2001), 93 Ohio St.3d 1448. Therefore, while the trial court would not have been aware of this fact at the time it issued the stay, it still has an effect on whether appellant would be denied a meaningful or effective remedy by having to delay his appeal.
{¶ 14} The possibility of delayed justice must be balanced against the principles of judicial economy. It is well established that courts have the inherent power to control their own dockets so as to promote efficiency and judicial economy. As the majority admits, this includes the power to stay proceedings pending resolution of potentially dispositive developments. State v. Hochhausler (1996), 76 Ohio St.3d 455,464; State ex rel. Zellner v. Bd. of Ed. of Cincinnati (1973),34 Ohio St.2d 199, 202.
{¶ 15} In the instant cause, appellant is in the same position as the other plaintiffs who now sit and wait for a decision from the Supreme Court of Ohio. Even if this court had jurisdiction to consider this appeal, based upon the opinion of the majority, it is clear that appellant's position would not change as the stay would remain. Moreover, were the trial court to decide the case on its merits in favor of appellant, common sense dictates that the Ohio Adult Parole Authority would be hesitant to act knowing that a definitive decision from the Supreme Court would be issued shortly.
{¶ 16} Alternatively, even without the Supreme Court's decision to accept the conflict appeal in Ankrom, this writer reaches the same dispositive conclusion regarding the finality of the trial court's order in this case.
{¶ 17} Here appellant filed his action in the trial court prior to Judge Cain's issuance of an injunction pursuant to Civ.R. 23(B)(2) in the class action in Ankrom, and, thus, appellant's efforts are not subject to any restraint as a result of Judge Cain's decree. Nevertheless, this does not eviscerate the underlying logic applicable to the issue of finality.
{¶ 18} Thus, keeping the principles of judicial economy in mind and the unique circumstances before us which are fact specific to this case, this writer is compelled to conclude that appellant would not be denied a meaningful or effective remedy by having to delay the trial until a definitive ruling in the class action suit involving the identical issues raised here is made, regardless of whether the Supreme Court of Ohio has reached its decision on the merits of appellant's substantive claim. There has been no legal showing that "the cow would be out of the barn." Amato v. General Motors Corp. (1981), 67 Ohio St.2d 253, overruled on other grounds by Polikoff v. Adam (1993), 67 Ohio St.3d 100,107. Hence, R.C. 2505.02(B)(4)(b) has not been satisfied. Accordingly, the judgment appealed from is not a final appealable order. Without a final appealable order, this court is without jurisdiction to consider this appeal and, therefore, it should be dismissed.
{¶ 19} Based upon the foregoing analysis, I respectfully dissent.