DECISION.
{¶ 1} On May 17, 1999, plaintiff-appellant William W. Phillips filed an amended complaint against defendant-appellee James Conrad, Administrator of the Bureau of Workers' Compensation (hereinafter referred to as "BWC"), and defendants Electronic Controls Co. ("Electronic Controls") and John Doe. Phillips brought multiple claims against Electronic Controls and John Doe for product defects and negligence, and Phillips sought a declaratory judgment that House Bill 350 (the Tort Reform Act) was constitutional. Phillips also brought a claim against BWC challenging the constitutionality of R.C. 4123.931 and thereby seeking to negate any subrogation right alleged by BWC.
{¶ 2} On August 13, 1999, BWC filed an answer and cross-claim against Electronic Controls and John Doe for a subrogation lien pursuant to R.C. 4123.931.
{¶ 3} On December 22, 1999, Electronic Controls filed a third-party complaint against Carter Construction Co. for indemnification and reimbursement, which was subsequently dismissed with prejudice on February 27, 2002.
{¶ 4} On July 30, 2001, Phillips dismissed with prejudice all claims against Electronic Controls following mediation.
{¶ 5} August 7, 2001, BWC filed a motion to enforce a settlement agreement previously entered into between itself, Phillips, and Electronic Controls. On September 27, 2001, the trial court overruled BWC's motion to enforce the settlement, but granted BWC leave to file a supplemental answer and counterclaim for breach of contract.
{¶ 6} On September 27, 2001, BWC filed a supplemental answer and counterclaim against Phillips for breach of contract and enforcement of the settlement agreement.
{¶ 7} On November 13, 2001, BWC filed a motion for summary judgment on the breach-of-contract counterclaim and for attorney fees. Specifically, BWC argued that there were no genuine issues of material fact because the settlement agreement, which (according to BWC) was effective on May 29, 2001, was binding and enforceable. In support of its motion, BWC attached an affidavit of Malinda Langston (BWC's attorney) and a letter dated June 5, 2001, from Phillips's counsel, Mark Adams.
{¶ 8} Langston stated in her affidavit that a mediation hearing was conducted on May 29, 2001, between Phillips, Electronic Controls, Carter Construction Co., and BWC. According to Langston, Electronic Controls had offered Phillips $750,000 in exchange for full settlement of the claims, and Phillips agreed to accept this amount if BWC was willing to accept $150,000 as its share of the settlement. Langston stated that she relied on the representations of Adams that Phillips, Electronic Controls, and BWC had entered into a binding settlement as outlined in Adams's June 5, 2001, letter. She further stated that, immediately following the Supreme Court of Ohio's decision in Holeton v. CrouseCartage Company[1] holding that R.C. 4123.931 was unconstitutional, Adams contacted BWC to establish what impact Holeton had on the proposed settlement between BWC and Phillips. In response, Langston sent a letter to Adams stating that BWC had filed a motion for reconsideration with the Ohio Supreme Court and that, in her opinion, Holeton had no effect on the settlement because the parties had entered into a binding contract at the mediation hearing, the month before the effective date of Holeton.
{¶ 9} On November 28, 2001, Phillips filed a motion to stay the case pending the outcome of Santos v. Ohio Bureau of Workers'Compensation.[2] Phillips stated that a class-action lawsuit had been initiated in Cuyahoga County on October 15, 1999. He stated that he was a member of the class, which included all injured workers who either had paid money or were obligated to pay money to BWC under the now unconstitutional R.C. 4123.931, and that a motion for summary judgment had been filed in that case.
{¶ 10} In reply to BWC's motion for summary judgment, Phillips argued that the settlement agreement was unenforceable pursuant toHoleton and that BWC should be equitably prevented from "gouging" him on the basis of an unconstitutional claim. Phillips argued that the settlement agreement, which was based on BWC's subrogation claim under R.C. 4123.931, was not valid because it had been signed by BWC one day after R.C. 4123.931 was held unconstitutional in Holeton v. CrouseCartage Co.[3] And Phillips maintained that principles of equity precluded BWC from obtaining money to which it was never entitled. Finally, Phillips argued that resolution of the issue should be stayed pending the court's decision in Santos. Adams's affidavit was offered in support of this argument. It stated that BWC had been included in the May 29, 2001, negotiations because BWC had asserted a subrogation lien of over $600,000 against Phillips.
{¶ 11} The trial court granted BWC's motion for summary judgment in part and overruled it in part. The court ruled that the settlement agreement between Phillips and BWC was not based on BWC's subrogation rights pursuant to R.C. 4123.931, but rather on the desire to avoid further litigation of the issue. The court further ruled that both parties had assumed the risk of the pending Holeton decision. Thus, the court concluded that the invalidity of R.C. 4323.931 was immaterial and that the agreement was still binding. But the court also determined that Phillips's opposition to the motion was not frivolous, and BWC's request for attorney fees was accordingly denied.
{¶ 12} Phillips now asserts three assignments of error on appeal. Before we address the assignments, however, we must determine whether we possess jurisdiction over the appeal.
{¶ 13} R.C. 2505.02 confers upon appellate courts jurisdiction over "final order[s]."[4] An order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."[5]
{¶ 14} When the trial court enters judgment with respect to fewer than all of the claims or all of the parties in a multi-claim, multi-party case, this court has no jurisdiction to entertain an appeal from that judgment in the absence of the trial court's certification, pursuant to Civ.R. 54(B), that "there is no just reason for delay." A Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order, but it can render appealable a final order entered in a single action involving multiple claims or parties and adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties.[6] Without the certification, an order adjudicating fewer than all the claims does not ripen the action for appeal as to any of the claims or any of the parties.[7]
{¶ 15} This case involves multiple claims and multiple parties. Here, there is no doubt that the judgment being appealed is a "final order" as to BWC's breach-of-contract claim against Phillips. The question is whether, in the absence of Civ.R. 54(B) certification, the court's entry may be regarded as final as to the other claims and parties.
{¶ 15} The record demonstrates that Phillips voluntarily dismissed all claims against Electronic Controls. In turn, Electronic Controls dismissed its claims against Carter Construction Co. As a result, the claims against Electronic Controls and Carter Construction Co. no longer exist.
{¶ 16} Moreover, nothing in the record demonstrates that the Ohio Attorney General was served with a copy of the complaint, which is required under R.C. 2721.12(A) where a party challenges the constitutionality of a statute. Because the requirements of R.C. 2721.12
were not met, the trial court lacked jurisdiction to decide the constitutional issues. And nothing in the record indicates that John Doe was served with a copy of the amended complaint or the cross- claim, or that he was otherwise added to the action. Because John Doe and the attorney general were not properly served with a copy of the amended complaint or cross-claim, the claims against John Doe and the attorney general have been abandoned.
{¶ 17} Thus, the only remaining claim not explicitly resolved of by the entry of summary judgment is the cross-claim filed by the BWC against Electronic Controls for its subrogation rights under R.C. 4323.391. On June 27, 2001, the Ohio Supreme Court held, in Holeton, that R.C. 4323.391 is unconstitutional and void.[8] The Ohio Supreme Court denied BWC's motion for reconsideration in Holeton on September 26, 2001. Thus, by operation of law, BWC is prevented from prevailing against Electronic Controls on that issue. Accordingly, we conclude that the subrogation claim brought by BWC is no longer viable.
{¶ 18} Due to the fact that no other claims by any of the other parties can be reduced to a judgment, we hold that the entry of summary judgment on BWC's breach-of-contract claim against Phillips is a final appealable order.
{¶ 19} We turn, then, to an analysis of Phillips's assignments of error. In the first and second assignments of error, Phillips challenges the trial court's entry of summary judgment for BWC. Specifically, Phillips maintains that summary judgment should not have been granted because there were no contractual rights upon which to base a claim for breach of contract, and because principles of equity prevented BWC from recovering money to which it was not entitled pursuant to the Ohio Supreme Court's holding in Holeton. In the third assignment of error, Phillips essentially argues that the trial court erred in granting summary judgment to BWC and in overruling his motion to stay a ruling on the summary-judgment motion, because he was a party in the class-action lawsuit in Santos. For the following reasons, we agree that the trial court improvidently granted the motion for summary judgment.
{¶ 20} Preliminarily, we note that, given the fact that a copy of the settlement agreement is not included in the record and that conflicting testimony was presented concerning what was decided at the settlement hearing, we believe that genuine issues of material fact exist as to whether a settlement agreement was in existence and what, if any, terms were included in it. Despite this, we hold that, even if there were no genuine issues of material fact in this respect, the trial court erred in denying Phillips's motion to stay a ruling on the motion for summary judgment pending the court's decision in Santos.
{¶ 21} Courts retain the power to stay proceedings pending any potentially dispositive developments.[9] Factors to consider when granting a stay include "the efficiency and judicial economy that results from staying matters pending resolution of potentially dispositive developments."[10] A trial court's decision whether to issue a stay order will generally not be overturned by a reviewing court absent an abuse of discretion.[11] An "abuse of discretion" means more than an error of law or judgment; it implies that the court's attitude was "unreasonable, arbitrary or unconscionable."[12]
{¶ 22} In Santos, Angel Santos filed a complaint on October 15, 1999, seeking injunctive and declaratory relief against BWC for its attempts to enforce subrogation rights pursuant to R.C. 4123.931.[13]
Santos sought to have two classes certified: (1) "individuals against whom BWC had asserted subrogation rights [, and (2)] individuals from whom BWC had already recovered subrogation monies."[14] On September 18, 2001, class certification was granted.[15] BWC filed an appeal from the trial court's certification. On June 6, 2002, the Eighth Appellete District held that the court of common pleas did not have subject-matter jurisdiction and that the court of claims possessed original jurisdiction over the case because the only remaining issues after the Holeton
decision were equitable in nature.[16] Accordingly, the court of appeals reversed the trial court's decision and remanded the cause for dismissal. On November 20, 2002, the Ohio Supreme Court accepted Santos's appeal.[17] As of the date of this decision, the Santos case remains pending before the supreme court.
{¶ 23} In sum, the Santos decision involved a class certification in an action filed against BWC. The class action pertained specifically to individuals against whom BWC had asserted subrogation rights and to individuals from whom BWC had already recovered subrogation monies. It is undisputed that the class in Santos was certified on September 18, 2001, and its viability now depends upon the outcome of the Ohio Supreme Court's decision either affirming or reversing the appellate court's holding that the court of common pleas could not assert jurisdiction over the class action.
{¶ 24} In the instant case, BWC filed a motion to enforce its contract with Phillips on September 27, 2001, eleven days after BWC presumably had notice of the pending class action in Santos. While we do not rule on the issue, it appears that Phillips may be a member of theSantos class. And while BWC maintains that its contractual rights in this case are not related to its right to subrogation pursuant to R.C. 4123.931, it would be disingenuous for us to accept this argument. It is clear from the record that the fundamental basis for BWC's involvement in this case is its subrogation claim. And it is equally obvious that BWC should have been aware that a class action was pending in another court. Thus, the claims raised in Santos appear to involve concerns similar to the ones involved in this case.
{¶ 25} Based on the potentially binding effect of the decision inSantos and in the interests of judicial economy and efficiency, we hold that the trial court in this case abused its discretion in not staying the proceedings pending a decision by the Ohio Supreme Court concerning the viability of the class action as it was brought before the court of common pleas; pending a decision as to Phillips's status as a member of the Santos class; or pending an actual decision in the Santos case. As a result, BWC should not have been entitled to summary judgment. We, therefore, reverse the trial court's judgment in favor of BWC and remand this case with instructions that the trial court stay further proceedings until the class action in Santos is resolved or until it can be demonstrated that Phillips is not a party to that action.
Judgment reversed and cause remanded.
Doan, P.J., Gorman and Sundermann, JJ.
[1] 92 Ohio St.3d 115, 2001-Ohio-109, 748 N.E.2d 1111.
[2] 8th Dist. No. 80353, 2002-Ohio-2731.
[3] 92 Ohio St.3d 115, 2001-Ohio-109, 748 N.E.2d 1111.
[4] See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352, 354,1993-Ohio-120, 617 N.E.2d 1136.
[5] R.C. 2505.02(B)(1).
[6] See Noble v. Colwell (1989), 46 Ohio St.3d 92, 99,540 N.E.2d 1381.
[7] See Whitacker-Merrel v. Guepel Cont. Co. (1972), 29 Ohio St.2d 184,280 N.E.2d 922, syllabus.
[8] See 92 Ohio St.3d at 135.
[9] See State v. Hochhausler (1996), 76 Ohio St.3d 455, 466,668 N.E.2d 457.
[10] Guerriero v. Department of Rehabilitation and Correction,
11th Dist. No. 2001-A-0062, 2002-Ohio-5149 (quotations omitted).
[11] See State, ex rel. Zellner v. Board of Education of Cincinnati
(1973), 34 Ohio St.2d 199, 200, 297 N.E.2d 528.
[12] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[13] See id. at ¶ 2.
[14] 2002-Ohio-2731 at ¶ 3.
[15] See id. at ¶ 5.
[16] See id. at ¶ 19-20.
[17] See Santos v. Ohio Bur. Of Workers' Comp. (2002),97 Ohio St.3d 1459,778 N.E.2d 1051.