[Cite as *Nexus Gas Transm., L.L.C. v. Sprague*, 2016-Ohio-4901.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Nexus Gas Transmission, LLC

Court of Appeals No. E-15-069

    Appellant/Cross-Appellee

Trial Court No. 2015 CV 0349

v.

Gene C. & Ruth E. Sprague, et al.

**DECISION AND JUDGMENT**

    Appellees/Cross-Appellants

Decided: July 7, 2016

* * * * *

James J. Hughes, III, William D. Mason, Frank L. Merrill,
Daniel E. Gerken and Ann Marie Sferra, for appellant/cross-appellee.

Terry J. Lodge, for appellees/cross-appellants.

* * * * *

**YARBROUGH, J.**

## I. Introduction

**{¶ 1}** Appellant/cross-appellee, Nexus Gas Transmission, LLC, and appellees/ cross-appellants, Thomas Cikotte, Kathlene Cikotte, LaClaire Evans, Lily Evans, Mary Matthias, individually and as trustee, William Schaeffer, individually and as trustee,

Valerie Wheeler, individually and as trustee, Hannah Andrews, individually and as trustee, and Robert Wheeler (hereinafter referred to collectively as "appellees"), appeal the judgment of the Erie County Court of Common Pleas, granting Nexus the right to enter onto appellees' properties to conduct survey activities, but staying the execution of its judgment "until the time in which to file an appeal has run and/or NEXUS is authorized by the Sixth District Court of Appeals."

## A. Facts and Procedural Background

{¶ 2} The facts of this case are undisputed. Following appellees' refusal to allow Nexus access to their properties, Nexus, an interstate natural gas transmission company, initiated these proceedings on June 5, 2015, by the filing of a complaint and a separate "motion for temporary restraining order, preliminary injunction, and/or permanent injunction." Nexus amended the complaint and motion on June 19, 2015.

{¶ 3} In its complaint, Nexus sought a declaration from the court that it has the right to enter onto appellees' properties for the purpose of conducting survey activities in furtherance of its efforts to construct approximately 250 miles of natural gas pipeline. According to the complaint, Nexus is in the process of obtaining approval for the project from the Federal Energy Regulatory Commission (FERC). In order to obtain FERC's approval, Nexus must first complete the surveys that are the subject of this litigation. As alleged in the complaint, Nexus's surveys "will be performed during daylight hours, in a minimal amount of time, and with the goal of causing little to no inconvenience to the [appellees]."

2.

{¶ 4} On August 17, 2015, two months after filing its complaint, Nexus filed a motion for summary judgment, arguing that it was entitled to a declaratory judgment because it had a statutory right to conduct survey activities on appellees' properties under R.C. 163.03 and 1723.01. Following appellees' timely response in opposition to Nexus's motion for summary judgment and Nexus's reply thereto, the trial court issued its decision on the motion. In its decision, the trial court held:

1. NEXUS is a company organized for the purpose of transporting natural gas through pipes, conduits and tubing;

2. NEXUS sent proper notice as stated in R.C. 163.03 to the [appellees] notifying them of its intent to enter their property to conduct Survey Activities;

3. Pursuant to R.C. 1723.01 and R.C. 163.03 NEXUS has the right to enter onto the [appellees'] property without permission for the purpose of conducting Survey Activities[;]

4. Such access by NEXUS will not constitute a trespass; [and]

5. NEXUS shall not commence entering onto the [appellees'] properties without permission for the purpose of conducting Survey Activities until the time in which to file an appeal has run and/or NEXUS is authorized by the Sixth District Court of Appeals.

3.

**{¶ 5}** Four days after the trial court issued its decision, Nexus filed its timely notice of appeal. Shortly thereafter, appellees filed their timely notice of cross-appeal. This matter has since been placed on the accelerated calendar.

## B. Assignments of Error

**{¶ 6}** On appeal, Nexus assigns the following error for our review:

> The trial court abused its discretion when it ordered a stay of its judgment, thereby depriving Appellant of the immediate right to enforce the judgment, without any request for or facts to support a stay.

**{¶ 7}** For their part, appellees present the following assignment of error:

> The trial court erred as a matter of law when it awarded summary judgment to NEXUS Gas Transmission, LLC, on its request for a declaratory judgment.

**{¶ 8}** For ease of discussion, we will begin by addressing appellees' assignment of error.

## II. Analysis

### A. Nexus's Statutory Right to Enter onto Appellees' Properties

**{¶ 9}** In appellees' assignment of error, they contend that the trial court erred in granting Nexus's motion for summary judgment upon the finding that Nexus was statutorily authorized to conduct survey activities.

**{¶ 10}** We review summary judgment decisions de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127,

4.

129, 572 N.E.2d 198 (9th Dist.1989). Applying Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and viewing the evidence in the light most favorable to the non-moving party, that conclusion is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 11} In concluding that Nexus was authorized by law to conduct survey activities on appellees' properties, the trial court relied upon two statutes: R.C. 163.03 and 1723.01. R.C. 163.03 provides:

> Any agency may, upon the notice prescribed in this section, prior to or subsequent to the filing of a petition pursuant to section 163.05 of the Revised Code, enter upon any lands, waters, and premises for the purpose of making such surveys, soundings, drillings, appraisals, and examinations as are necessary or proper for the purpose of the agency under sections 163.01 to 163.22, inclusive, of the Revised Code, and such entry shall not constitute a trespass. Notice of such proposed entry shall be given to the owner or the person in possession by such means as are reasonably available not less than forty-eight hours nor more than thirty days prior to the date of such entry.
>
> The agency shall make restitution or reimbursement for any actual damage, resulting to such lands, waters, and premises and to improvements

5.

or personal property located in, on, along, over, or under such lands, waters, and premises, as a result of such activities. If the parties are unable to agree upon restitution or other settlement, damages are recoverable by civil action to which the state or agency hereby consents.

{¶ 12} Additionally, R.C. 1723.01 states:

If a company is organized for the purpose of * * * transporting natural or artificial gas, petroleum, coal or its derivatives, water, or electricity, through tubing, pipes, or conduits, or by means of wires, cables, or conduits[,] then such company may enter upon any private land to examine or survey lines for its tubing, pipes, conduits, poles, and wires, * * * and may appropriate so much of such land, or any right or interest therein, as is deemed necessary * * *.

{¶ 13} Here, appellees argue that R.C. 163.03 does not authorize Nexus to enter onto their properties because such authorization is limited to an "agency." Under R.C. 163.01(C), "agency" is defined to include "any public agency or private agency." Moreover, "private agency" is defined as "any corporation, firm, partnership, voluntary association, joint-stock association, or company that is not a public agency and that is authorized by law to appropriate property in the courts of this state." R.C. 163.01(B).

{¶ 14} Citing the definition of "private agency" contained in R.C. 163.01(B), appellees contend that Nexus does not qualify because it is not "authorized by law to appropriate property." According to appellees' interpretation of the statute, Nexus will

6.

not be authorized by law to appropriate property until it receives a "certificate of public convenience and necessity" from FERC under 15 U.S.C. 717f(h). Thus, appellees urge that the trial court erred in finding that Nexus has a right to conduct survey activities on private property under R.C. 163.03. We disagree.

{¶ 15} In focusing on federal statutes relating to Nexus's authority to appropriate property as a transporter of natural gas, appellees ignore the grant of such authority expressly set forth in R.C. 1723.01. As a natural gas transporter, Nexus is permitted under R.C. 1723.01 to "enter upon any private land to examine or survey lines for its tubing, pipes, conduits, poles, and wires, * * * *and may appropriate so much of such land, or any right or interest therein, as is deemed necessary*." (Emphasis added.)

{¶ 16} Given its authority to appropriate land under R.C. 1723.01, Nexus qualifies as a "private agency" under R.C. 163.01(B), and, by extension, an "agency" under R.C. 163.01(C). Pursuant to R.C. 163.03, Nexus possesses the right to enter onto appellees' properties to conduct survey activities.[1] Moreover, R.C. 1723.01 provides additional authority to support Nexus's argument that it is statutorily permitted to conduct survey activities on appellees' properties. Therefore, we find that the trial court did not err in granting Nexus's motion for summary judgment.

{¶ 17} Accordingly, appellees' assignment of error is not well-taken.

---

[1] The trial court found, and appellees do not dispute, that Nexus complied with the notice requirements set forth in R.C. 163.03.

7.

## B. Trial Court's Issuance of a Stay of Execution

{¶ 18} In Nexus's sole assignment of error, it challenges the validity of the trial court's decision to stay the execution of its judgment "until the time in which to file an appeal has run and/or NEXUS is authorized by the Sixth District Court of Appeals."

{¶ 19} A trial court's decision awarding a stay is reviewed under an abuse of discretion standard. *State ex rel. Zellner v. Cincinnati Bd. of Edn.*, 34 Ohio St.2d 199, 200, 297 N.E.2d 528 (1973). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} Appellees challenge Nexus's characterization of the court's order as a "stay." Appellees assert that the court's order preventing Nexus from immediately entering onto appellees' land was merely an extension of the declaratory relief granted to Nexus. We need not determine the exact nature of the court's ruling in this case because, even assuming Nexus is correct in its characterization of the ruling, we find that the trial court acted within its discretion in imposing a stay. Indeed, were the trial court to permit Nexus to immediately enter onto appellees' land, Nexus could have conducted its survey activities before appellees had an opportunity to appeal the trial court's decision, thereby rendering this action moot. Given this reality, we do not find that the trial court abused its discretion.

{¶ 21} Accordingly, Nexus's sole assignment of error is not well-taken.

8.

## III. Conclusion

**{¶ 22}** The judgment of the Erie County Court of Common Pleas is affirmed.

Costs are hereby assessed to the parties equally in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.