LEXFORD PROPERTIES MANAGEMENT, LLC, Appellee,

v.

LEXFORD PROPERTIES MANAGEMENT, INC., Appellant.

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79162.

Decided Oct. 4, 2001.

314

McCarthy Lebit Crystal & Haiman, David A. Schaefer and Charlene R. Mileti, for appellee.

Keating Muething & Klekamp, PLL, and Douglas L. Hensley; Taft, Stettinius & Hollister, LLP, Stephen H. Jett, Jennifer E. Redman and Mark J. Vallponi, for appellant.

PATRICIA ANN BLACKMON, Presiding Judge.

{¶ 1} Appellant Lexford Properties Management, Inc. appeals from the trial court's grant of summary judgment to appellee Lexford Properties Management, LLC in an action to recover money allegedly due under a promissory note. Appellant assigns the following as errors for our review:

{¶ 2} "I. The trial court erred by granting summary judgment to appellee because appellant is entitled to judgment as a matter of law."

{¶ 3} "II. The trial court erred by failing to stay the proceedings pending resolution of another lawsuit by the appellee in the state of Texas."

{¶ 4} Having reviewed the record and legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

{¶ 5} Appellant is a dissolved Ohio corporation with its statutory agent located in Cleveland, Ohio. Appellee is a Delaware limited liability company and is the successor by conversion to Lexford Properties, Inc., a Texas corporation. On April 1, 1998, appellant and Brentwood–Lexford Partners, LLC ("Brentwood") jointly and severally executed a promissory note in the principal amount of $1,833,333 payable to appellee. The note provided for repayment of the note in nine installments, the first of which was due April 1, 2000.

{¶ 6} On December 28, 1999, appellant initiated a plan of complete liquidation and dissolution. On March 23, 2000, appellant filed a Certificate of Dissolution with the Ohio Secretary of State. Appellee did not receive payment from either appellant or Brentwood on April 1, 2000. Appellee contacted appellant requesting payment, but appellant did not comply.

{¶ 7} On May 1, 2000, appellee filed suit against appellant in the Cuyahoga Court of Common Pleas alleging breach of contract for failure to pay under the promissory note. Appellee then filed a similar suit against Brentwood in Dallas County, Texas.

{¶ 8} On June 30, 2000, appellant filed a motion to dismiss appellee's complaint, arguing that the terms of the promissory note relieved it of its obligation under the note upon its dissolution. Appellant also moved the court to stay the proceedings until resolution of the Texas litigation. The trial court converted appellant's motion to dismiss into a motion for summary judgment. On August 4, 2000, appellee responded and filed a motion for summary judgment. On December 29, 2000, the trial court denied appellant's motions to stay the proceedings and converted motion for summary judgment, and granted appellee's motion for summary judgment. This appeal follows.

{¶ 9} In its first assigned error, appellant presents two issues. First, whether it defaulted on the promissory note; and second, whether its dissolution effected a novation on the promissory note. We find neither has merit.

{¶ 10} As both issues are before us from the trial court's grant of summary judgment, we review both issues de novo.[1] Under a de novo standard of review, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2]

---

**1.** *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157; *Dupler v. Mansfield Journal Co., Inc.* (1980), 64 Ohio St.2d 116, 18 O.O.3d 354, 413 N.E.2d 1187.

**2.** *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534; *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 661 N.E.2d 796; *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 622 N.E.2d 1153.

Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party.[3] Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] If the movant fails to meet this burden, summary judgment is not appropriate.[5] If the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[6]

{¶ 11} Applicable to both issues presented by appellant, the promissory note states the following:

{¶ 12} "3. *Events of Default.* If one or more of the following events occurs, namely:

{¶ 13} "(a) A failure in the payment of any installment of interest on or the principal of this Note or any part thereof on the date the same is due which failure continues uncured for a period of at least five (5) days (a 'Delinquency'); or

{¶ 14} "(b) A Change in Control (as defined below) of [appellant and Brentwood]; or

{¶ 15} "* * *

{¶ 16} "5. *Definitions.* For purposes of this Note, the following terms shall have the following meanings: * * *

{¶ 17} "(d) *'Change in Control'* means:

{¶ 18} "* * *

{¶ 19} "(iii)* * * a complete liquidation or dissolution of [appellant] * * *. Notwithstanding anything in this Note to the contrary, it shall not be a Change in Control for [appellant] to be dissolved and liquidated or merged into Brentwood and to the extent such action would otherwise require [appellee's] consent, [appellee] hereby grants such consent."

---

**3.** *Holliman v. Allstate Ins. Co.* (1999), 86 Ohio St.3d 414, 715 N.E.2d 532; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

**4.** *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

**5.** *Dresher* at 293, 662 N.E.2d at 274.

**6.** Id.

{¶ 20} First, appellant argues that it is discharged from liability because the note expressly provides that dissolution, liquidation, or merger with Brentwood is not a "change in control" triggering default. We agree on this point; however, the promissory note confers upon appellee the right to hold appellant in default upon "[a] failure in the payment of any installment of interest on or the principal of this Note or any part thereof on the date the same is due which failure continues uncured for a period of at least five (5) days (a 'Delinquency')." After appellant dissolved, appellee ceased receiving payments due under the note. A default did not occur because appellant liquidated; a default occurred because appellee ceased to receive payments due under the note. Accordingly, appellee was entitled to accelerate the note.

{¶ 21} Next, we are asked to determine against whom appellee may accelerate the note. Appellant asserts that its dissolution effected a novation which obviates its liability. We disagree.

{¶ 22} " 'A contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration.' "[7] A novation discharges the obligations of the parties under the original contract.[8]

{¶ 23} Appellant's dissolution, even though consented to by appellee, did not discharge appellant from its obligation under the promissory note. Plainly, the note evidences appellee's consent to appellant's dissolution; however, the purpose of that consent was not to absolve appellant from liability; rather, the purpose was to define "change in control" so as not to trigger default should appellant dissolve. Because appellant's dissolution neither expressly nor implicitly extinguished appellant's obligation under the promissory note, a novation did not occur. Therefore, appellant remained a liable party to the contract when default occurred. Accordingly, appellee is entitled to accelerate the promissory note against appellant.

{¶ 24} For the foregoing reasons, appellant's first assigned error is without merit.

---

7. *Sarossy v. Sarossy* (Apr. 20, 1995), Cuyahoga App. No. 67493, 1995 WL 237131, quoting *McGlothin v. Huffman* (1994), 94 Ohio App.3d 240, 244, 640 N.E.2d 598. See, also, 18 Ohio Jurisprudence 3d (1980) 207, Contracts, Section 285.

8. *RMI Titanium Co. v. Occidental Chem. Corp.* (Sept. 11, 1997), Cuyahoga App. Nos. 71471, 71486, and 71487, at 14, 1997 WL 565975, citing *Union Cent. Life Ins. Co. v. Hoyer* (1902), 66 Ohio St. 344, 64 N.E. 435.

{¶ 25}  In its second assigned error, appellant argues that the trial court erred in not granting its motion to stay these proceedings until the Texas court resolves the case appellee filed against Brentwood.  We disagree.

{¶ 26}  We will not disturb a trial court's decision regarding a motion for a stay of proceedings absent an abuse of discretion.[9]  For an abuse of discretion to exist, the fact-finder's result must be "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but instead passion or bias."[10]

{¶ 27}  A court may grant a motion to stay proceedings in the interests of comity, orderly procedure, or judicial economy.[11]  Here, appellees filed suit against appellants in Ohio's Cuyahoga County Court of Common Pleas asking the court to enforce an acceleration clause in the promissory note against appellant.  Appellee also filed suit against Brentwood in Dallas County, Texas, asking that court to enforce the same acceleration clause against Brentwood.  Even though the cases filed in Ohio and Texas stem from the same cause of action, the complaints are separate and non-duplicative.  Whether a Texas court holds Brentwood liable under the note has no relevance to whether appellee is entitled to accelerate the promissory note against appellant where it is undisputed that appellant is a maker of the promissory note, appellee has not received payment according to the terms of the promissory note, and appellant is subject to Ohio jurisdiction.  We see no reason why the Ohio court should delay justice.  Accordingly, the trial court did not abuse its discretion in denying appellant's motion to stay the proceedings.

Judgment affirmed.

FRANK D. CELEBREZZE, JR. and JAMES J. SWEENEY, JJ., concur.

---

9.  *State ex rel. Zellner v. Cincinnati Bd. of Edn.* (1973), 34 Ohio St.2d 199, 200, 63 O.O.2d 310, 310–311, 297 N.E.2d 528, 529.

10.  *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256–257, 662 N.E.2d 1, 3.

11.  *State ex rel. Zellner,* supra; *Efros v. Nationwide Corp.* (1984), 12 Ohio St.3d 191, 12 OBR 257, 465 N.E.2d 1309.