OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Lake County Court of Common Pleas, which granted summary judgment in favor of appellees, Prospect Mini Mart, Yafo Mondi, R.E. M.D., Inc., d/b/a Prospect Mini Mart, Ronald E. Martin and Martha D. Martin.
{¶ 2} On October 27, 1997, appellant, Michael Williams ("Williams"), and a co-worker stopped at Prospect Mini Mart to purchase cigarettes, beer, and lottery tickets. Williams parked his vehicle in a parking lot adjacent to the store. When Williams exited the store he was assaulted. Williams suffered serious personal injuries as a result of the attack
{¶ 3} Williams brought suit against appellees alleging that they negligently failed to warn him of the danger or prevent the assault. After discovery, appellees moved for summary judgment arguing that they owed no duty to Williams because the assault occurred on property they neither owned nor controlled and because the assault was not foreseeable. The trial court found "that [appellees] had no means of knowing an attack on [Williams] would occur in the parking lot located adjacent to their building * * *." The trial court entered summary judgment in favor of appellees.
{¶ 4} Williams appeals asserting five assignments of error:
{¶ 5} "[1.] The trial court erred in granting summary judgment in favor of defendants because genuine issues of material fact exist as to whether defendants knew or should have known that there was a substantial risk of harm to business invitees on the lot adjoining the Prospect Mini Mart.
{¶ 6} "[2.] The trial court erred in granting summary judgment because genuine issues of material fact exist as to whether defendants had a duty to provide a reasonably safe ingress and egress for the benefit of its patrons.
{¶ 7} "[3.] The trial court erred in granting summary judgment in favor of defendants because genuine issues of material fact exist as to whether defendants assumed a duty as to the parking lot adjoining the Prospect Mini Mart.
{¶ 8} "[4.] The trial court erred in granting summary judgment because genuine issues of material fact exist as to whether defendants invited Mr. Williams and other business invitees to use the lot adjoining the Prospect Mini Mart and therefore had a duty to keep said lot reasonably safe.
{¶ 9} "[5.] The trial court erred in granting summary judgment because the trial court incorrectly presumed that the plaintiff must demonstrate that the defendants had a duty to provide perfect security for its customers."
{¶ 10} Simply stated, Williams' assignments of error ask us to determine what duty, if any, appellees owed to Williams. Therefore, we will address the five assignments of error together.
{¶ 11} We review a grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We review the trial court's decision independently and without deference to its determination. Lexford Prop. Mgmt., L.L.C. v. Lexford Prop. Mgmt., Inc. (2001),147 Ohio App.3d 312, 316.
{¶ 12} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to that party. Harless v. Willis Day Warehousing, Inc. (1978), 54 Ohio St.2d 64, 66.
{¶ 13} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Id., at 293.
{¶ 14} In order to maintain an action for negligence, a plaintiff must show: (1) that there was a duty owed to plaintiff; (2) a breach of that duty; and (3) proximate cause between the breach of duty and injury. Cole v. Pine Ridge Apts. Co. II (Dec. 21, 2001), 11th Dist. No. 2000-L-020, 2001 Ohio App. LEXIS 5854. The existence of a duty depends on the foreseeability of the injury. Id., at 5.
{¶ 15} "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. The foreseeability of harm generally depends on a defendant's knowledge."
{¶ 16} This court, in Collins v. Sabino (Aug. 8, 1997), 11th App. No. 96-T-5590, 1997 Ohio App. LEXIS 3587 stated:
{¶ 17} "Ordinarily, there is no duty to control the conduct of [a] third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the right to protection. Thus, liability in negligence will not lie in the absence of a special duty owed by a particular defendant.
{¶ 18} "* * *
{¶ 19} "We recognize that there is no common-law duty to anticipate and foresee criminal activity. Thus, the law usually does not require the prudent person to expect criminal activity of others. As a result, the duty to protect against injury caused by third parties, which may be imposed where a special relationship exists, is expressed as an exception to the general rule of no liability.
{¶ 20} "The existence of such a 'special' duty depends on the foreseeability of the injury. * * * The * * * foreseeability of criminal acts will depend upon the knowledge of the defendant-business, which must be determined from the totality of the circumstances.
{¶ 21} "Courts will require a demonstration of circumstances that are somewhat overwhelming to establish the existence of a special duty in these case." (Internal quotations and citations omitted.) Id., at 6-7.
{¶ 22} Williams first argues that genuine issues of material fact exist as to whether appellees knew or should have known that there was a substantial risk of harm to their customers on the adjoining parking lot. Ohio courts have adopted two tests to determine if a criminal act by a third party is foreseeable.
{¶ 23} The "prior similar acts" test focuses on the defendant's knowledge of past similar incidents. See, Hickman v. Warehouse Beer Sys., Inc. (1993), 86 Ohio App.3d 271, 276. The "totality of the circumstances" test is broader and considers evidence of other criminal activity at or near the location of the business. Reitz v. May Co. Dept. Stores (1990), 66 Ohio App.3d 188, 193. This court has adopted the totality of the circumstances test. See, Collins, supra; Cole, supra.
{¶ 24} In support of his argument, Williams cites two instances of criminal activity at the store: a drive by shooting that killed a patron of the store and an aggravated robbery. Williams also points to testimony that there were two pay telephones in front of the store; that appellees knew that these telephones would cause groups to gather; that appellees made several calls to police for groups of people loitering in front of the store; and the placement of a "no loitering" sign in front of the store. This evidence can hardly be considered "somewhat overwhelming." See, Cole, supra, at 7. In Reitz, supra, the plaintiffs presented evidence of "thirty-seven car thefts, episodes of disturbances, fights, vandalism, drug transactions, and juvenile disturbances." Id., at 191. Affirming the trial court's directed verdict for defendant the court of appeals stated:
{¶ 25} "None of the evidence excluded * * * would have been sufficient as a matter of law to give [defendant] reason to know that a stabbing or other assault in broad daylight was likely to occur and, therefore, to give rise to a duty of reasonable care to protect plaintiff."
{¶ 26} Applying the totality of the circumstances test to the instant case, Williams failed to present evidence showing that there is a genuine issue for trial. An aggravated robbery by a lone assailant in which no one was physically injured, a drive by shooting, and loitering are insufficient as a matter of law to establish the requisite foreseeability necessary to create a duty on the part of appellees to protect Williams.
{¶ 27} Williams next argues that a genuine issue of material fact exists as to whether appellees had a duty to keep the adjoining property safe for their customers who used the parking lot as a means of ingress and egress. Williams presented evidence that there was a side door on the store that could only be accessed from the adjoining parking lot and that a reasonable person might believe this to be the entrance to the store. Williams argues that these facts gave rise to a duty on the part of appellees to keep the adjoining parking lot safe and to warn business invitees of danger.
{¶ 28} A business owner has a duty to provide a reasonably safe ingress and egress for the benefit of its customers. Albright v. Univ. of Toledo (Sept. 18, 2001), 10th Dist. App. No. 01Ap-130, 2001 Ohio App. LEXIS 4158, at 1. However, adjacent property that is not in the possession and control of the business owner is not an ingress and egress for the property. Id., at 8. The court in Albright stated:
{¶ 29} "The element of control is required as a predicate to liability because the possessor of the land is thought to be in the best position to diminish dangers to invitees. Moreover, the control necessary as the basis for tort liability implies the power and right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right." Id., at 5.
{¶ 30} As discussed, infra, Williams presented no evidence to show that appellees exercised the requisite control over the adjoining parking lot. Thus, appellees had no duty, nor indeed any right, to keep the adjoining parking lot reasonably safe for their customers.
{¶ 31} Williams argues that a genuine issue of material fact exists as to whether appellees assumed a duty of care as to the adjoining parking lot. Williams cites evidence that appellees garbage dumpster was, at least at times, on the adjoining property; the garbage collector routinely pulled into the parking lot to collect garbage from the dumpster; the lot was the only apparent parking for the store; appellees failed to place no parking signs on the side of their building; there was a light on the side of the store that illuminated the parking lot; and there was a door on the side of the store by the parking lot.
{¶ 32} In Simpson v. Big Bear Stores, Inc. (1995), 73 Ohio St.3d 130, the Supreme Court of Ohio held:
{¶ 33} "A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner." Id., at syllabus.
{¶ 34} As discussed above, in order to find the requisite amount of control to impose tort liability, there must be a substantial exercise of the right to control. Williams has presented no evidence that appellees exercised substantial control over the parking lot. The only evidence Williams presented on this issue was the fact that appellees' dumpster was kept on the adjoining property at the time of the incident.
{¶ 35} The fact that the garbage collector used the lot as a means to collect garbage does not show that appellees exercised control over the parking lot. Williams presented no evidence that appellees directed the garbage collector to use the lot and, in fact, appellees presented evidence that occasionally the garbage collector would wheel the dumpster to the curb.
{¶ 36} Appellees presented evidence that there was adequate on street parking, as well as that available in front of the store, for their customers and that they had no knowledge of their customers using the adjoining lot. Williams presented evidence of only one store customer using the adjoining lot: himself, the night he was attacked.
{¶ 37} Williams contends that appellees failure to place no parking signs on their building shows that they exercised apparent control over the adjoining lot. This argument is without support. Appellees had no right to admit or exclude anyone from parking in the adjoining lot. Placing no parking signs would have, in fact, demonstrated an attempt to exercise control over the lot.
{¶ 38} Next, Williams contends that appellees' control of the parking lot is shown by the fact that a light on the side of the store illuminated the parking lot. Appellees presented evidence that this light was not to illuminate the parking lot, but rather the garbage dumpster for the convenience of store employees. Were we to adopt Williams' argument, a defendant business owner's liability would be limited only by the wattage of the bulb he chose to use.
{¶ 39} Williams also argues that the door on the side of the store was evidence of appellees' control of the parking lot. Appellees testified that this door was always locked, that no customers had ever used this side door, and that only employees of the store used the door. The only evidence that Williams presented contra was that he had used the side door on the night he was attacked. Even viewing this evidence in the light most favorable to Williams, one instance of a customer using this door would not show a substantial exercise of control over the adjoining lot.
{¶ 40} Williams argues that Doe v. Cub Foods of Ohio, Inc. (1996),115 Ohio App.3d 473 stands for the proposition that a business owner may have a duty of care over a parking lot of which he does not have possession and control. Williams misreads Cub Foods. The lease between the property owner and Cub Foods provided that Cub Foods had "a nonexclusive right in common with the other tenants to use the parking area and facilities, including, but not limited to, driveways, entrances, and exits thereto, employee parking areas, truckways, and landscaped areas." Id., at 476. Thus, Cub Foods had a contractual right to possession and control of the parking lot.
{¶ 41} In the instant case, Williams has presented no evidence that appellees had a right to possession and control of the adjoining parking lot. Therefore, appellees had no duty to protect Williams from the criminal act that occurred in that parking lot.
{¶ 42} Williams next argues that a genuine issue of material fact exists as to whether appellees invited their customers to use that parking lot. In addition to the arguments set forth above, he contends that appellees invited their customers to park in the adjoining lot because appellees did not place bars, nor display a do not enter sign on the side door. Williams argues that the position of the door, the fact that it had an awning over it, and a beer sign in the window, could reasonably lead business invitees to believe that they should park in the side lot.
{¶ 43} Appellees presented evidence that they did not know of any of their customers who parked in the lot and that the side door was kept locked and used exclusively by employees, and that they had no right to permit or exclude anyone from parking in the lot.
{¶ 44} Williams cites the Restatement of the Law of Torts, 2d 181-183, Section 332, comment l, to support his position. Referring to the business premises, this section provides in relevant part:
{¶ 45} "If the possessor has intentionally or negligently misled the visitor into the reasonable belief that a particular passageway or door is an appropriate means of reaching the area of his business invitation, the visitor is entitled to the protection of an invitee when he makes use of it."
{¶ 46} This section clearly refers to the business owner's premises. The attack in the instant case occurred off of appellees' property. Therefore, appellees did not have a duty to protect Williams from harm while he traversed the adjacent parking lot.
{¶ 47} Finally, Williams argues that the trial court applied the wrong legal standard in determining appellees' duty. We review the trial court's decision independently and without deference to its determination. Lexford, supra, at 316. Appellees owed no duty of care to appellant under the facts presented. Therefore, any standard of care mentioned by the trial court constitutes only harmless error at best.
{¶ 48} Appellees met their burden under Civ. R. 56 to demonstrate the absence of a genuine issue of material fact on the essential elements of Williams' claims. Williams failed to meet his reciprocal burden under Civ. R. 56(E). Specifically, Williams failed to present evidence of a duty on the part of appellees. Therefore, appellant's assignments of error are without merit.
{¶ 49} For the foregoing reasons, the assignments of error are without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.