OPINION
{¶ 1} Appellant, Mark A. Turner, appeals from the trial court's entry granting summary judgment in favor of appellee, Liberty Mutual Fire Insurance Co., ("Liberty") and denying appellant's motion for summary judgment on appellant's declaratory judgment action. We affirm.
 {¶ 2} Appellant and his wife, Delores Turner, were named insureds on an automobile insurance policy issued by Liberty. The policy identified three vehicles as "covered autos", a 1985 Porsche, a 1999 Mercury Cougar, and a 1991 Oldsmobile Cutlass.
 {¶ 3} Appellant and his wife separated in July 2000, and Delores Turner moved to a different residence. Appellant retained possession of the three cars identified in the policy, continued to pay for the cars, and to pay insurance premiums for them.
 {¶ 4} Delores Turner purchased a Nissan Sentra in 2000. She did not obtain insurance for this car. In 2001, Delores Turner took possession of the 1999 Mercury Cougar owned by appellant.
 {¶ 5} On December 9, 2001, appellant and Delores Turner renewed their automobile insurance policy with Liberty. Both were listed as "named insureds", and the policy listed both as residing at the same address, although they were still separated and Delores Turner lived at another residence.
 {¶ 6} In February 2002, appellant's Oldsmobile Cutlass broke down and was in the shop for several weeks. In need of transportation, appellant borrowed the Nissan Sentra owned by Delores Turner.
 {¶ 7} On February 20, 2002, appellant was involved in an automobile accident with Chad Curry ("Curry"). The accident occurred in Trumbull County. Appellant sought coverage under his Liberty policy. Liberty denied the claim, contending the Nissan Sentra was not a "covered auto" and did not qualify as a temporary substitute vehicle.
 {¶ 8} Appellant sued Liberty in the Mahoning County Common Pleas Court, seeking declaratory judgment. Appellant sued Curry in the Trumbull County Common Pleas Court for injuries he sustained in the accident. The Mahoning County court ordered the declaratory judgment action transferred to Trumbull County. The Trumbull County court consolidated the cases.
 {¶ 9} Appellant and Liberty moved for summary judgment on the declaratory judgment action. The trial court granted Liberty's motion and dismissed appellant's declaratory judgment action. The matter proceeded against Curry.
 {¶ 10} Appellant appeals from the trial court's grant of summary judgment in favor of Liberty raising two assignments of error:
 {¶ 11} "[1.] The [t]rial [c]ourt erred in sustaining [d]efendant's [sic] Liberty Mutual Fire Insurance Company's [m]otion for [s]ummary [j]udgment as a matter of law."
 {¶ 12} "[2.] The [c]ourt erred in overruling [p]laintiff's [m]otion for [s]ummary [j]udgment as a matter of law."
 {¶ 13} Because these assignments of error are interrelated, we address them together.
 {¶ 14} We review a grant of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Thus, we review the trial court's grant of summary judgment independently and without deference to its determination.Lexford Prop. Mgmt., L.L.C. v. Lexford Prop. Mgmt., Inc.,
147 Ohio App.3d 312, 2001-Ohio-4363, ¶ 10.
 {¶ 15} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis Day Warehousing, Inc.
(1978), 54 Ohio St.2d 64, 66.
 {¶ 16} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 17} If the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing a genuine issue for trial. Id. at 293.
 {¶ 18} "As in all cases in which insurance coverage is provided by an insurance policy, the issue in this case will be determined by a * * * reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed. However, it is well-settled that, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." (Internal quotations and citations omitted.) King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, 211.
 {¶ 19} Appellant contends the Nissan Sentra was a temporary substitute vehicle, and thus a "covered auto", because he did not own it and he had not resided with his wife for more than ninety days. We disagree.
 {¶ 20} The policy at issue defines a "covered auto" as:
 {¶ 21} "1. Any vehicle shown in the Declarations.
 {¶ 22} "* * *
 {¶ 23} "4. Any auto * * * you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its: a. breakdown; b. repair; c. servicing; d. loss; or e. destruction."
 {¶ 24} The policy defines "you" or "your" as "The `named insured' shown in the Declarations; and * * * the spouse if a resident of the same household." This definition was amended to "* * * extend temporary coverage under the policy to a separated spouse of the named insured. * * * Coverage [was] changed so that full coverage [would] be provided for 90 days to a separated spouse who moves to a new household."
 {¶ 25} Appellant contends that because Delores Turner had lived in a new household for more than ninety days, she was no longer included in the definition of "you" or "your"; therefore, appellant contends, the Nissan Sentra was a covered auto because it was a temporary substitute vehicle.
 {¶ 26} The error in appellant's argument is that he fails to realize Delores Turner was not included in the definition of "you" or "your" by virtue of the fact she was his spouse, i.e., the spouse of a named insured; she was included in the definition because she was a named insured on the declaration page. She did not lose her status as a named insured by living in a different household for more than ninety days. Because she was included in the definition of "you" under the policy, any vehicle she owned could not be a temporary substitute vehicle for appellant.
 {¶ 27} The policy language is unambiguous with respect to the definition of "you". Appellant was not entitled to coverage under the policy and his assignments of error are without merit.
 {¶ 28} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., O'Neill, J., concur.