ARMENTROUT et al., Appellants,

v.

The TOKIO MARINE AND FIRE INSURANCE COMPANY, LTD., et al., Appellees.

[Cite as *Armentrout v. Tokio Marine & Fire Ins. Co.,
Ltd.,* 159 Ohio App.3d 404, 2004-Ohio-7246.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2003–P–0134.

Decided Dec. 23, 2004.

Robert E. Kerper Jr., for appellants.

David J. Demers, for appellees.

JUDITH A. CHRISTLEY, Judge.

{¶ 1} Ronald Armentrout, Ronald's wife Elizabeth Armentrout, and Ronald's son Robert Armentrout appeal from the judgment of the Portage County Common Pleas Court that granted summary judgment in favor of appellee, the Tokio Marine and Fire Insurance Company, Ltd. ("Tokio"), on appellants' declaratory judgment action. We affirm.

{¶ 2} The underlying facts of this case are not in dispute. Ronald was severely injured when the car he was driving was hit head-on by a car driven by Marvin Bolden. Bolden was drunk at the time of the accident. Donna Fresch owned the car Bolden was driving. Elizabeth leased the car Ronald was driving at the time of the collision from Don Joseph, Inc., with an assignment of the lease to Toyota Motor Credit Corporation ("TMCC").

{¶ 3} The leased car driven by Ronald was owned by TMCC. TMCC carried a business automobile liability policy and a follow-form excess liability policy, each with liability limits of $1,000,000, issued by Tokio. Thus, appellants contended that they were insureds under these policies and made claims for uninsured/underinsured-motorists coverage against the Tokio policies. Tokio denied the claims.

{¶ 4} Appellants also filed suit against Bolden and Fresch in the Portage County Common Pleas Court. Appellants' claims against Bolden and Fresch were eventually settled with Tokio's consent.

{¶ 5} Appellants filed the instant case seeking a declaration that they were entitled to coverage under the Tokio policies. The parties filed cross-motions for summary judgment. The trial court granted Tokio's motion. Appellants timely appealed, raising one assignment of error:

{¶ 6} "The trial court erred in granting Appellee The Tokio Marine & Fire Insurance Company, Ltd.'s motion for summary judgment on Appellants' claims for underinsured motorist coverage under an automobile liability policy and follow-form excess liability policy issued by The Tokio Marine & Fire Insurance Company, Ltd., and denying Appellants' cross motion for summary judgment."

{¶ 7} For the following reasons we affirm. We review a grant of summary judgment de novo, *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, i.e., independently and without deference to the trial court's determination. *Lexford Prop. Mgmt., L.L.C. v. Lexford Prop. Mgmt., Inc.* (2001), 147 Ohio App.3d 312, 2001-Ohio-4363, 770 N.E.2d 603, ¶ 10.

{¶ 8} Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 9} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 10} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264.

{¶ 11} Appellants' arguments are based on their belief that underinsured-motorist coverage arose in the policies by operation of law, pursuant to *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 2000–Ohio–92, 739 N.E.2d 338. This case turns on whether the pre–H.B. 261 version of R.C. 3937.18 applies or the post–H.B. 261 version. 1997 Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2372.

{¶ 12} In *Ross v. Farmers Ins. Group. of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, the Ohio Supreme Court held that "the statutory law in effect at the

time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Id. at syllabus.

{¶ 13} In *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, the Ohio Supreme Court held:

{¶ 14} "1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39.

{¶ 15} "2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.

{¶ 16} "3. The guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage." Id. at paragraphs one, two, and three of the syllabus.

{¶ 17} The Tokio policies at issue were reissued December 5, 1997, with the policy renewal effective retroactive to October 1, 1997. The renewal was for a period of one year. Thus, the latest the policies could have been issued or last renewed for a two-year period was October 1, 1996.

{¶ 18} H.B. 261 became effective on September 3, 1997. If the policies at issue are "automobile liability insurance polic[ies]" as defined in R.C. 3937.30, the two-year guarantee period mandated by R.C. 3937.31(A) applies and the pre–H.B. 261 version of R.C. 3937.18 is operative.

{¶ 19} R.C. 3937.30 defines "automobile insurance policy":

{¶ 20} "As used in sections 3937.30 to 3937.39 of the Revised Code, 'automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:

{¶ 21} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;

{¶ 22} "(B) Insures as named insured, any of the following:

{¶ 23} "(1) Any one person;

{¶ 24} "(2) A husband and wife resident in the same household;

{¶ 25} "(3) Either a husband or a wife who reside in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.

{¶ 26} "(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;

{¶ 27} "(D) Does not insure more than four motor vehicles;

{¶ 28} "(E) Does not cover garage, automobile sales agency, repair shop, service station, or public parking operation hazards;

{¶ 29} "(F) Is not issued under an assigned risk plan pursuant to section 4509.70 of the Revised Code."

{¶ 30} The policies named Toyota Motor Credit Corporation and Toyota Motor Credit Receivables Corporation as insureds. These were the named insureds as listed on the policy before changes effected by the December 5, 1997 renewal. Appellants argue that any changes made to the policy by the December 5, 1997 renewal do not apply, i.e., the changes do not apply retroactively to October 1, 1997, because the accident giving rise to the claims occurred before the changes were contracted for on December 5, 1997. While we agree with appellants' position on this point, it does not change our analysis. When the policy was renewed December 5, 1997, an endorsement changed the named insureds to Toyota Motor Credit Corporation, Toyota Motor Credit Receivables Corporation, Toyota Lease Trust, and Toyota Leasing, Inc. Thus, the policy always listed more than one person as a named insured and it is irrelevant whether the December 5 endorsement applied.

{¶ 31} While a corporation is a "person" under Ohio law, R.C. 1.59(C), the policies at issue named more than one person as an insured, and these insureds were not husband and wife; therefore, the policies could not be "automobile insurance policies" as defined in R.C. 3937.30 and the two-year guarantee period mandated by R.C. 3937.31(A) would not apply.

{¶ 32} The policies at issue were renewed effective October 1, 1997. H.B. 261 became effective September 3, 1997; thus, the post–H.B. 261 version of R.C. 3937.18 applies. Even if December 5, 1997, were considered the effective date, the post–H.B. 261 version would apply.

{¶ 33} We now address appellants' argument that underinsured-motorist coverage applies by operation of law.

{¶ 34} The post–H.B. 261 version of R.C. 3937.18(A) mandated the offer of underinsured-motorist coverage for any "automobile liability or motor vehicle liability policy of insurance." R.C. 3937.18(L) defined "automobile liability or motor vehicle liability policy of insurance" as either of the following:

{¶ 35} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01

of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;

{¶ 36} "(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."

{¶ 37} R.C. 4509.01(K) provides:

{¶ 38} " 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."

{¶ 39} Ohio's financial responsibility laws, R.C. 4509 et seq., require the owner of a vehicle to maintain proof of financial responsibility. The applicable version of R.C. 4509.01(D) defined "owner" as the "person who holds the legal title of a motor vehicle. If a motor vehicle is the subject of an agreement for conditional sale or lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, the vendee or lessee is the owner."

{¶ 40} Here, Elizabeth was the lessee of the car Ronald was driving at the time of the accident. The lease provided Elizabeth with the right to buy the car at the end of the lease term; therefore, pursuant to R.C. 4509.01(D) she was the "owner" of the car. As a result, for purposes of financial responsibility compliance, neither Tokio nor TMCC had a duty to have or offer under/uninsured-motorist coverage on this leased vehicle. Per the definition of R.C. 4509.01(D), neither of these entities qualified as an "owner." As a result, the policies issued by Tokio did not have to be construed as providing "automobile liability or motor vehicle liability polic[ies] of insurance" under the post–H.B. 261 version of R.C. 3937.18; therefore, *Linko* did not apply, as Tokio was not required to offer TMCC underinsured-motorist coverage, and underinsured-motorist coverage did not arise by operation of law.

{¶ 41} Appellants' sole assignment of error is without merit.

{¶ 42} For the foregoing reasons, the judgment of the Portage County Common Pleas Court is affirmed.

Judgment affirmed.

DONALD R. FORD, P.J., and ROBERT A. NADER, J., concur.

ROBERT A. NADER, J., of the Ninth Appellate District, sitting by assignment.