OPINION
{¶ 1} Frank Ventura appeals from the judgment of the Lake County Common Pleas Court, which granted summary judgment in favor of appellees Nationwide Mutual Insurance Company and Safeco Insurance Company. We affirm.
 {¶ 2} Ventura's condominium was damaged by fire. At the time of the fire, Ventura was insured under a policy issued by Nationwide. The policy provided coverage of $51,600 for loss to personal property and coverage of $10,320 for "building, additions and alterations."
 {¶ 3} The policy provided:
 {¶ 4} "1. Building, Additions, and Alterations. We cover the additions, alterations, fixtures, improvements, or installation which are part of the building within the unfurnished interior surfaces of the perimeter walls, floors, and ceilings of your condominium unit. We also cover other portions of the condominium if:
 {¶ 5} "a. they pertain directly to your condominium unit, and
 {¶ 6} "b. you are solely responsible for loss to them under the governing rules of the condominium.
 {¶ 7} "Loss must be direct and caused by the perils insured against. The limit of liability for this coverage is stated on the Declarations."
 {¶ 8} At the time of the fire, the condominium association was insured under a policy issued by Safeco.
 {¶ 9} The total estimate to repair the damage caused by the fire was $53,391.59. According to Ventura's deposition testimony, this estimate did not include any items of personal property.
 {¶ 10} Ventura made a claim under his Nationwide policy. Nationwide paid $10,526.40. Safeco, whose policy covered only the exterior of the condominium, paid $15,142.23. Unsatisfied with the payment amounts, Ventura contacted the Ohio Department of Insurance. After discussions with the department of insurance, Nationwide paid an additional $13,861.48.
 {¶ 11} Ventura then filed suit against Nationwide seeking a declaration of his rights under his Nationwide policy and seeking damages. Nationwide filed a third party complaint against Safeco.
 {¶ 12} The parties eventually filed cross motions for summary judgment. The trial court denied Ventura's motion and granted appellees' motions for summary judgment. Ventura filed a timely appeal raising one assignment of error:
 {¶ 13} "The trial court failed to grant plaintiff-appellant Frank Ventura's motion for summary judgment against defendants-appellees Nationwide Mutual Insurance Company and Safeco Insurance Company pursuant to their respective policies."
 {¶ 14} We first note that although Ventura appealed the trial court's judgment as to both Nationwide and Safeco, his brief only addresses issues related to the Nationwide policy. The record also shows Ventura filed an affidavit in support of his motion for summary judgment. There Ventura averred that:
 {¶ 15} "because of the contractual relationship with the Condominium Association, namely to pay from `studs out,' the payment of $15,142.23 is a fair and equitable settlement, but that the amount of internal damage (over and above personal contents) paid by Nationwide is less than the full amount due and owing pursuant to the loss estimate of Yanesh Brothers."
 {¶ 16} $15,142.23 was the amount paid by Safeco and thus, Ventura concedes he has no valid claim against Safeco. For these reasons, we do not address the issue of whether the trial court properly granted summary judgment for Safeco. App.R. 12(A)(2).
 {¶ 17} We now address the merits of Ventura's appeal concerning Nationwide.
 {¶ 18} We review a grant of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, i.e., independently and without deference to the trial court's determination. Lexford PropertiesMgmt., L.L.C. v. Lexford Properties Mgmt., Inc., 147 Ohio App.3d 312,315.
 {¶ 19} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis DayWarehousing, Co. Inc. (1978), 54 Ohio St.2d 64, 66.
 {¶ 20} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 21} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id. at 293.
 {¶ 22} "As in all cases in which insurance coverage is provided by an insurance policy, the issue in this case will be determined by a * * * reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed. However, it is well-settled that, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." (Internal quotations and citations omitted.) King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, 211.
 {¶ 23} The language of the policy recited above is clear. Nationwide was obligated to pay only $10,320 for damage to the building, additions, or alterations or other losses pertaining directly to Ventura's condominium unit and for which he was solely responsible under the condominium association's governing rules. Ventura stated in his deposition the loss for which he sought recovery related only to the condominium unit and not personal property (where the limit of $51,600 would apply). Thus, Nationwide paid more than it was required to pay under the clear terms of the policy and the trial court properly granted summary judgment to Nationwide.
 {¶ 24} For the foregoing reasons, appellant's assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.