OPINION
{¶ 1} Anthony C. Catipay, M.D., appeals from the judgment of the Trumbull County Court of Common Pleas, which granted summary judgment to appellees on appellant's claims for breach of contract, violation of due process, interference with business relationships, defamation, and deceptive and unfair trade practices. We affirm.
 {¶ 2} Appellant received staff privileges to practice at appellee St. Joseph Health Center in 1984. In 1999 appellant began to exhibit troubling behavior. This behavior included such things as posting the "Kama Sutra Indian Sex Guide" on a hospital bulletin board, posting an article titled "Police say man kills wife at work" in the labor and delivery unit, with appellant's hand-written comments stating, "This happens when wives talk too much. They never learn, they never stop. Why?" Appellant posted this article shortly after a heated argument with a nurse, and it was viewed as a threat. While on vacation, appellant sent a postcard containing pictures of naked men's buttocks to the nurses' station with his name or the name of an actor written on each man's buttocks. Appellant also sent other inappropriate postcards to hospital staff. Appellant posted an article titled, "Cohabitation, Contraception, and Sperm Exposure" on a bulletin board with a bulleted item referring to oral sex. A nurse also completed an incident report wherein she described appellant discussing with her why men enjoy performing oral sex on women and the taste of female ejaculation.
 {¶ 3} On March 28, 2000, Dr. Kenneth Heaps, Vice President of Medical Affairs, and Dr. Charles Curtiss, President of the Medical Staff, met with appellant to discuss his behavior. As a result of that meeting, appellant signed a letter wherein he agreed to refrain from such conduct. However, appellant continued to engage in inappropriate behavior.
 {¶ 4} In November, 2001, appellant sent Dr. Heaps a letter that referenced the movie "The God Father" and made other bizarre comments. Dr. Heaps contacted a psychiatrist who reviewed the letter. The psychiatrist concluded appellant's conduct was disturbing and recommended the hospital require appellant to undergo a psychiatric evaluation to ensure appellant did not pose a risk of harm to others.
 {¶ 5} Appellant continued to harass pediatricians for what he perceived to be inadequate neonatal resuscitation coverage. Appellant subsequently apologized for this criticism and promised to stop such attacks; however, he failed to do so.
 {¶ 6} Further, appellant failed to notify St. Joseph that his medical privileges had been revoked by Trumbull Memorial Hospital. St. Joseph's by-law required appellant to provide such notice in a "timely manner."
 {¶ 7} Subsequently, St. Joseph's Medical Executive Committee requested appellant undergo a psychiatric evaluation by Dr. Phillip Resnick. Appellant refused to participate in the evaluation. The Medical Executive Committee suspended appellant's medical privileges. As grounds for this suspension, the committee cited appellant's inappropriate conduct toward hospital staff, inappropriate communications with Dr. Heaps, failure to inform St. Joseph of his loss of privileges at Trumbull Memorial Hospital, and refusal to participate in a psychiatric evaluation. The committee's letter of suspension informed appellant of his right to a hearing.
 {¶ 8} Appellant subsequently requested a hearing and St. Joseph granted this request in spite of the fact the request was made after the expiration of the time limit within which appellant was required to demand a hearing.
 {¶ 9} A hearing on appellant's suspension was held and the hearing panel unanimously recommended that the suspension be upheld. Appellant appealed this decision to the hospital's board of directors, which upheld the hearing panel's recommendation.
 {¶ 10} Appellant subsequently filed the instant action against appellees alleging claims of breach of contract, violation of due process, interference with business relationships, defamation, and deceptive and unfair trade practices. Appellees moved for summary judgment arguing they were entitled to immunity under the Health Care Quality Improvement Act, ("HCQIA"), 42 U.S.C. § 11111 et seq. The trial court granted appellees' motion. Appellant filed a timely appeal, raising three assignments of error:
 {¶ 11} "[1.] The trial court erred in granting summary judgment because the record contained evidence sufficient to create genuine issues of material fact regarding (1) breach of contract, (2) interference with business relations, (3) defamation, and (4) unfair and deceptive trade practices."
 {¶ 12} "[2.] The trial court erred by granting summary judgment based on Defendants-Appellees being entitled to immunity under [42 U.S.C. § 11111 et seq.] and [R.C.] 2305.251."
 {¶ 13} "[3.] The trial court erred by granting immunity to Defendants-Appellees because this action violates public policy and allows Defendants-Appellees to shield themselves [from] liability."
 {¶ 14} For ease of discussion, we address appellant's assignments of error out of order.
 {¶ 15} In his third assignment of error, appellant argues HCQIA violates public policy. This argument is unpersuasive.
 {¶ 16} First, appellant cites no authority to support this argument. Second, as we discuss below, HCQIA clearly reflects a public policy decision to shield peer review committees from liability when performing their peer review functions. It is not our role to second-guess a legislative body's determination of which public policy position to favor when enacting legislation. Appellant's third assignment of error is without merit.
 {¶ 17} In his second assignment of error, appellant argues the trial court erred in finding appellees were entitled to immunity under HCQIA. We disagree.
 {¶ 18} We review a grant of summary judgment de novo,Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 1996-Ohio-336, i.e., independently and without deference to the trial court's determination. Lexford Prop. Mgmt., L.L.C. v.Lexford Prop. Mgmt., Inc. (2001), 147 Ohio App.3d 312, 315-316.
 {¶ 19} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis Day Warehousing, Inc.
(1978), 54 Ohio St.2d 64, 66.
 {¶ 20} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 21} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id. at 293; see also, Meyers v. Columbia/HCA Healthcare Corp. (6 C.A. 2003), 341 F.3d 461, 466.
 {¶ 22} Congress intended HCQIA to provide effective peer review and interstate monitoring of incompetent physicians.Austin v. McNamara (9 C.A. 1992), 979 F.2d 728, 733. HCQIA also provides limited immunity to those who participate in the peer review process. Id. To this end, HQCIA provides:
 {¶ 23} "If a professional review action * * * of a professional review body meets all the standards specified in [42 U.S.C. § 11112(a)], except as provided in subsection (b) —
 {¶ 24} "(A) the professional review body,
 {¶ 25} "(B) any person acting as a member or staff to the body,
 {¶ 26} "(C) any person under a contract or other formal agreement with the body, and
 {¶ 27} "(D) any person who participates with or assists the body with respect to the action,
 {¶ 28} "shall not be liable in damages under any law of the United States or of any State * * * with respect to the action."42 U.S.C. § 11111(a)(1).
 {¶ 29} 42 U.S.C. § 11112(a) sets forth the standards for professional review actions. This section states:
 {¶ 30} "For purposes of the protection set forth in [42 U.S.C. § 11111(a)], a professional review action must be taken —
 {¶ 31} "(1) in the reasonable belief that the action was in furtherance of quality health care,
 {¶ 32} "(2) after a reasonable effort to obtain the facts of the matter,
 {¶ 33} "(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and
 {¶ 34} "(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3). A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in [42 U.S.C. § 11111(a)] unless the presumption is rebutted by a preponderance of the evidence." 42 U.S.C. § 11112(a).
 {¶ 35} Because of the rebuttable presumption established by42 U.S.C. § 11112(a)(3) the question we ask in this summary judgment exercise is: "Might a reasonable jury, viewing the facts in the best light for [appellant], conclude that he has shown, by a preponderance of the evidence, that the defendants' actions are outside the scope of § 11112(a)?" Austin, supra at 734.
 {¶ 36} The record shows appellees established they were entitled to immunity under HCQIA. Appellees presented evidence to establish appellant's privileges were suspended with the reasonable belief that the action was in furtherance of quality health care. Appellees established appellant had engaged in inappropriate and disruptive behavior toward hospital staff, including making what were perceived as threats; appellant's privileges had been revoked by another hospital for similar behavior; appellant had verbally abused other physicians, and appellant had refused to seek a psychiatric evaluation. Appellees were only required to show the suspension occurred with the reasonable belief the action furthered quality health care. They were not required to show appellant's conduct had actually injured in a patient. Rooney v. Medical Ctr. Hosp. (U.S. Dist. S.D. Ohio, March 30, 1994), 1994 U.S. Dist. LEXIS 7420, 10. Courts have held that the suspension of privileges for inappropriate or disruptive behavior can be in the furtherance of quality health care. See, id. at 8; Bryan v. James E. HolmesRegional Medical Ctr. (11 C.A. 1994), 33 F.3d 1318, 1335 (stating, "The record in this case reveals that the revocation of Bryan's privileges was prompted by the reasonable belief that doing so would promote quality health care. Bryan had exhibited a pattern of unprofessional conduct over a period of many years, and he was given a series of opportunities to remedy his difficulties in interacting with other staff members.")
 {¶ 37} Appellees made a reasonable effort to ascertain the facts. They met with appellant to discuss his behavior, consulted with a psychiatrist about the problem, asked appellant to be evaluated by a psychiatrist, and conducted a hearing on the suspension.
 {¶ 38} Appellees revoked appellant's privileges after adequate notice and hearing procedures or after such other procedures as were fair to appellant under the circumstances. Before suspending appellant's privileges, appellees requested appellant submit to a psychiatric examination. Only after appellant refused to do so did appellees suspend appellant's privileges. Appellees warned appellant that such action might be taken if appellant refused to cooperate. After appellees suspended appellant's privileges, appellant was afforded a hearing where he had the opportunity to present evidence and cross-exam witnesses. Appellant was represented by counsel at this hearing. After the hearing panel upheld the suspension, appellant was afforded a right of appeal.
 {¶ 39} Finally, appellees established appellant was suspended in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after affording appellant notice and a hearing.
 {¶ 40} After appellees met their burden, the burden shifted to appellant to rebut the presumption of immunity. Appellant failed to present evidence to establish a genuine issue of material fact as to whether appellees' actions were outside the scope of § 11112(a). Austin, supra at 734. Thus, appellees were entitled to immunity from appellant's claims and the trial court properly granted appellees' motion for summary judgment.
 {¶ 41} Appellant's second assignment of error is without merit.
 {¶ 42} Our resolution of appellant's second assignment of error determines the resolution of appellant's first assignment of error. Appellees were entitled to immunity on all of appellant's claims under 42 U.S.C. § 11111(a)(1); therefore, the trial court properly granted appellees summary judgment on appellant's claims for breach of contract, violation of due process, interference with business relationships, defamation, and deceptive and unfair trade practices.
 {¶ 43} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Trumbull County Court of Common Pleas is affirmed.
Diane V. Grendell, J., Cynthia Wescott Rice, J., Colleen M. O'Toole, J., concur.